**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TISSUENET CUSTOM APPLICATIONS,**
**LLC & TISSUENET DISTRIBUTION**
**SERVICES, LLC,**

           **Plaintiffs,**

**-vs-**                                  **Case No.  6:05-cv-1931-Orl-31KRS**

**BLOOD & TISSUE CENTER OF**
**CENTRAL TEXAS & MARSHALL G.**
**COTHRAN,**

           **Defendants.**

_____

**BLOOD AND TISSUE CENTER OF**
**CENTRAL TEXAS, MARSHALL G.**
**COTHRAN,**
           **Counter Claimants,**
**vs.**

**ALAN NOVOTNY, TISSUENET**
**DISTRIBUTION SERVICES, LLC and**
**TISSUENET CUSTOM APPLICATIONS,**
**LLC,**

           **Counter Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration to determine whether the Court may exercise general personal jurisdiction over Defendant Marshall G. Cothran. *See* Doc. No. 60. I adopt by reference the Procedural History and Statement of Relevant Facts contained in my earlier

report and recommendation on Defendant Marshall G. Cothran's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction.  Doc. No. 55.

General jurisdiction exists "[w]hen a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum. . . ." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9 (1984).  The Florida Long-Arm statute has a general jurisdiction provision, which provides as follows:

> (2)   A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from the activity.

Florida Statute § 48.193(2).

To exercise general jurisdiction over Cothran, Plaintiffs must establish that Cothran maintained "continuous and systematic" contacts with Florida, which is the showing necessary to exercise general personal jurisdiction consistently with due process.  *See Am. Overseas Marine Corp. v. Patterson*, 632 So. 2d 1124, 1127-28 (Fla. 1st Dist. Ct. App. 1994); *see also Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 582 (M.D. Fla. 1991).  This is a much higher standard than the minimum contacts required to assert specific jurisdiction.  *See Am. Overseas Marine Corp.*, 632 So. 2d at 1127-28.

At pages 9 through 12 of their supplemental memorandum, Plaintiffs review the evidence they rely upon to support the exercise of general personal jurisdiction over Cothran, doc. no. 46, which facts are expanded upon by Cothran at pages 7 through 12 of his response to the supplemental memorandum, doc. no. 48.  Much of this evidence relates to BTC's contacts with Florida, rather than Cothran's contacts with Florida.  The relevant

facts for purposes of determining whether the Court can exercise jurisdiction over Cothran are only Cothran's contacts with Florida.

In his capacity as a corporate officer of BTC, Cothran communicated with Plaintiffs in Florida via telephone and email over the course of BTC's business relationship with Plaintiffs. Cothran traveled to Florida in May 2005, for a meeting with Plaintiffs' representatives. In September 2005, Cothran, in his capacity as an officer of BTC, attended a business conference in Florida for three days.[1] Apart from his contacts with Florida in his capacity as an officer of BTC, Cothran lived and worked in Florida between 1988 and 1990 and had occasional contacts with the state when visiting family members who live in Florida.

Cothran's contacts with Florida, whether individually or individually and in his capacity as a corporate officer, are not sufficiently continuous and systematic to warrant exercise of general jurisdiction over him in Florida. *See, e.g., Mold-Ex, Inc. v. Mich. Technical Representatives, Inc.*, No. 304CV307MCRMD, 2005 WL 2416824, at *4 – *6 (N.D. Fla. Sept. 30, 2005).

Accordingly, I respectfully recommend that the Court grant Defendant Marshall G. Cothran's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction, doc.

---

[1] It is unclear whether Florida's corporate shield doctrine, discussed in my earlier report and recommendation, exempts from consideration any contacts Cothran had with Florida in his capacity as a corporate officer. *Compare Radcliffe v. Gyves*, 902 So. 2d 968, 972 n. 4 (Fla. 4th Dist Ct. App. 2005), *with May v. Needham*, 820 So. 2d 430, 431 (Fla. 4th Dist. Ct. App. 2002).

no. 25, as it pertains to the question of whether this Court can exercise general personal jurisdiction over Cothran.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 17, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy